## J. M. & G. S. Lusk vs. Peter McNamer.

The deed of gift in this case was conditional, to take effect upon the release of B. from his liabilities as administrator; and this was a condition precedent, without the performance of which a title could not vest in the grantees.

Should the condition of the deed of gift be disregarded, still complainants could not take the slave, as it is not averred in the bill that there was a delivery of possession, or that a consideration passed, deemed valuable.

The defendant is regarded as a *bonâ fide* purchaser without notice, his title being sheltered by the title of his vendor.

On appeal from the superior chancery court; Hon. Stephen Cocke, chancellor.

The facts are stated in the opinion of the court.

*Winston Banks,* for appellants, cited H. & H. Code, 370, § 2; Freeman's Ch. R. 43.

*Wm. R. Miles,* on the same side.

*Perkins* and *Wilkinson,* for appellee.

Mr. Chief Justice Smith delivered the opinion of the court.

This is an appeal from the superior court of chancery. The bill was filed to recover a certain slave in the possession of the appellee, and to compel him to account for the price of the same.

The complainants were the step-children of John Bridges; and the title set up in the bill is derived through a deed of gift executed by him on the 14th of November, 1831. The gift was conditional, and the consideration expressed in the deed was the love and affection which the donor bore to the complainants. Bridges was the administrator of the estate of Elias Lusk, deceased, who was the father of the donees, and as such liable to them for their distributive shares of his estate. The condition upon which the gift was to vest was the release by the guardian of complainants of the claim against Bridges for their distributive shares. At the date of the execution of the deed of gift,

Lusk *v.* McNamer.

the complainants were minors, and no guardian had been appointed. In the June following, John R. McNamer was appointed and qualified as the guardian of complainants. McNamer refused to release Bridges from his liabilities to his wards, and demanded payment. Bridges' domestic relations having changed, he had determined not to deliver the slaves named in the deed of gift to the donees, but preferred to pay the money which he owed as administrator. Not, however, being able to pay the money at once, to avoid a suit on his administration bond, he mortgaged the slaves to McNamer, to secure the amount which he owed as administrator. These slaves were sold under the mortgage, and the one in question, after several intermediate transfers, came into the possession of the appellee, by means of a *bonâ fide* purchase for full and valuable consideration.

We have, then, to inquire, whether, under this state of facts, title to the said slave vested in the complainants?

The deed was a conditional sale. The release of Bridges from his liabilities as administrator was a condition precedent, without the performance of which title could not vest in the grantees. The condition was not performed. On the contrary, the guardian of appellants refused to release Bridges. The deed was in effect annulled by the parties who alone could give effect to it; and a mortgage was taken to secure the payment of the very demand, a release from which was the express condition upon which the gift was to take effect.

But it is argued that the deed of gift should be discharged of the condition and treated as absolute, as there was no person in existence at the time of its execution who could perform the condition. If this position were admitted to be just, the appellants would not be in a better condition. It is not averred in the bill that there was a delivery of possession to the donees, without which title could not have vested in the appellants; for excluding the release which was to be executed by their guardian, there was no consideration, deemed valuable in law, to support it. Hutch. Dig. 637, § 2; *Thompson* v. *Thompson*, 2 How. 728; *Marshall* v. *Fulgrave*, 4 Ib. 216.

Again, it is contended that, independent of any donation or

deed of gift, the appellants were entitled to recover upon their equitable lien upon the slave.   In support of this position, it is insisted that the proofs conclusively show that said slave was originally purchased by Bridges with the money belonging to the estate of their deceased father.

We do not agree with counsel in their estimate of the strength of appellants' proof.   The evidence on this head is at least extremely doubtful.   But, were this part distinctly proved, it would not, under the pleadings and proofs, avail them any thing.   The defendant can be regarded in no other light than as a *bonâ fide* purchaser without notice.

But, admitting that defendant had notice of the equity of appellants, he is protected on another ground.   He is the vendee of Prewitt, who is not even charged in the bill with notice of the fraud, or of the equitable lien of appellants.   He is the vendee of a vendor who was a *bonâ fide* purchaser without notice, and for a full and valuable consideration.   Hence, upon a well understood rule, his title is sheltered by the title of his vendor.

Let the decree be affirmed.